IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YULIYAN DONCHEV,

    Petitioner,

v.                                                                                          No. 12-cv-0756 MV/SMV

ADRIAN P. MACIAS, RAY TERRY,
JOHN MORTON, and ERIC H. HOLDER,

    Respondents.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 9] (Petition), filed on August 3, 2012. Respondents filed their Answer to Amended Petition for a Writ of Habeas Corpus . . . [Doc. 15] (Answer) on September 21, 2012. Petitioner replied on October 12, 2012. [Doc. 20] (Reply). The case was referred to me on July 13, 2012, by the presiding judge, the Honorable Martha Vázquez, United States District Judge, for analysis and a recommended disposition. Order of Reference . . . [Doc. 4]. The Court, being fully advised in the premises, will RECOMMEND that the Petition be DENIED without prejudice for failure to exhaust administrative remedies.

### Background

Petitioner filed this action on July 12, 2012, to challenge Respondents' refusal to release him on bond even though an Immigration Judge (IJ) had ordered him released on $10,000 bond and even though Petitioner's brother repeatedly attempted to post the bond. [Doc. 9] at 2. On August 31, 2012, however, Respondents convinced the IJ to "withdraw[]" his bond order.

[Doc. 15-3] at 20.  Petitioner then appealed to the Board of Immigration Appeals (BIA). [Doc. 20] at 11.  On December 6, 2012, the BIA remanded the case to the IJ for a "new bond decision." [Doc. 23-1] at 1.

## Analysis

The parties agree that exhaustion of administrative remedies is a prerequisite to relief under § 2241.  *See* [Doc. 15] at 9–11; [Doc. 20] at 6, 9.  Although previously they had disagreed about whether Petitioner had exhausted his administrative remedies, now, things have changed. Petitioner has brought to the Court's attention that administrative review has been reinitiated and remains in progress.  [Doc. 23].  Specifically, Petitioner's appeal to the BIA was successful, at least to the extent that his case has been remanded to an IJ so that he may present evidence and argument on the revocation of his bond.  [Doc. 23-1] at 1–2.  Petitioner's administrative remedies, therefore, have not been exhausted, and the Court is without jurisdiction to grant relief. *See Soberanes v. Comfort*, 388 F.3d 1305, 1309 (10th Cir. 2004) (without exhaustion, the court lacked jurisdiction to review IJ's order); *see also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (explaining that exhaustion of administrative remedies is generally required before judicial relief may be obtained for allegedly unlawful custody, even when no statute mandates exhaustion).

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Petitioner's Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 9] be **DENIED** and **DISMISSED without prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3